# IN SUPERIOR COURT OF HART COUNTY

## STATE OF GEORGIA

Bechard Hodgin

**Plaintiff/ Petitioner**

Civil Action # 20HV00469 M

Walmart Inc.

**Defendant**

### NOTICE OF HEARING

The above stated case has been placed on the March 23, 2021 non-jury hearing calendar, before the Honorable Jeffery S. Malcom, at 9:30 (AM)/PM, in the main courtroom of the **HART** County Courthouse.

Parties are directed and required to be and appear before the Court at said date, time, and place ready for said hearing.

This 15 day of February, 20 21

_____
Deputy Clerk/ Clerk
Hart County Superior Court

X_____
Plaintiff

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA

_Bechard Hodgin_,
  **Plaintiff,**

  v.

_Walmart Inc_,
  **Defendant,**

:
:
:
:
:
:
:
:

CIVIL ACTION NO.
_20HV00469 M_

*FILED IN OFFICE HART SUPERIOR COURT*
*2020 NOV 23   PH 12: 37*
*FRANKIE H. GRAY, CLERK*

## COMPLAINT FOR NEGLIGENCE AND DAMAGES

Plaintiff, _Bechard Hodgin_, demands damages from the

Defendant, _Walmart, Inc._, and in support thereof states as follows in

support of this lawsuit:

1. That the Plaintiff, _Bechard Hodkin_ is an adult citizen of the State of Georgia.

2. That the Defendant, _Walmart, Inc._, hereinafter referred to as
   "Defendant," is a corporation doing business in Georgia, specifically Hart County, who
   owned and/or managed the premises known as "Walmart" in Hart County.  Jurisdiction
   and Venue are proper.

3. That on or about _1/10/19_, the Plaintiff was walking on a common property on the
   premises owned and managed by the Defendant, in the inside of the store.   An area in the
   aisles had not been cleaned of a spilled, slippery item.  This caused Plaintiff to slip and
   fall, causing his severe injuries more fully described below.

4. Solely as a result of the failure of the Defendant to properly clear all common areas, Plaintiff sustained serious and severe injuries to his person, including, but not limited to, the following injuries:

_Brain Concussion Syndrome_

_Impaired Vision_

5. Solely as a result of the injuries aforementioned, the Plaintiff has incurred damages, including:
   a. Medical expenses;
   b. Lost wages;
   c. He has, may, and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish;
   d. He has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity; and
   e. His overall health, strength, and vitality have been greatly impaired.

## COUNT I
## NEGLIGENCE OF THE DEFENDANT

6. The Plaintiff incorporates herein by reference hereto the allegations of paragraphs 1 through 6 above as if more fully set forth herein at length.

7. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of the Defendant, which consisted inter alia of the following particulars:

a. Failing to properly supervise the common areas in question so as to furnish to the Plaintiff a safe common area, free from hazards which were recognized or should have been recognized by Defendant, as causing or likely to cause the serious physical harm to the Plaintiff, Cindy Foard, and others;

b. Failing to maintain the common area in a safe condition to ensure that the Plaintiff would not be caused to slip and fall as a result of the spilled item or debris which existed and which were known and should have been known to the Defendant;

c. Failing to properly inspect the common area wherein the Plaintiff was caused to fall as a result of not removing the spilled item or debris;

d. Failing to maintain the premises owned by the Defendant in good and safe condition for the Plaintiff and others;

e. Failing otherwise to comply with the applicable laws and regulations of the State of Georgia and the applicable Federal laws and regulations;

f. Otherwise failing to exercise the degree of care required under the circumstances; and

g. Otherwise being negligent.

8. As a result of the aforesaid conduct and breach of care of the Defendant, Plaintiff sustained the injuries, losses, and damages which were more fully described above, without any negligence of the Plaintiff contributing thereto.

WHEREFORE: Plaintiff demands judgment against Defendant of an amount greater than $500,000.00 to be determined at trial, plus costs, pre-judgment interest, post-judgment interest, and for any further relief that this Honorable Court deems appropriate.

Respectfully submitted,

_Richard Hodg_____
Plaintiff

_357 Kristy St._
_Bowersville, GA_ 30516
Address

_706-371-7209_
Phone Number

_____
Facsimile

IN THE SUPERIOR COURT OF _____ COUNTY
STATE OF GEORGIA

_Beehard Hodgin_,

    Plaintiff,

    v.

_Walmart, Inc._,

    Defendant.

:
:
:    Civil Action File
:    No.: _20HV00469M_
:
:
:
:
:
:

## VERIFICATION

Personally appeared _Beehard Hodgin_____, who, after being duly sworn, states that the facts set forth in this Complaint are true and correct to the best of his knowledge.

_Debby Walker_
Name

Sworn to and subscribed before me
This _23rd_ day of _November_, 2020.

_Debby Walker_
Notary Public, State of Georgia
County of _Elbert_
My Commission Expires _August 6, 2024_.

[Notary Seal: DEBBY WALKER · COMMISSION EXPIRES · NOTARY PUBLIC · AUGUST 6, 2024 · ELBERT COUNTY, GEORGIA]

FILED IN OFFICE
HART SUPERIOR COURT
2020 NOV 23  PM 12: 37
FRANKIE H. GRAY, CLERK

20HV00469

To Hart Superior Court
State of Georgia

I am requesting a Court date for
a Jury trial on the Case I Filed.
Please Set me a Court date

Richard Washington     1-4-2021

FILED IN OFFICE
HART SUPERIOR COURT
2021 JAN -4  PM 1:04
FRANKIE L. GRAY, CLERK

IN THE SUPERIOR COURT OF HART COUNTY
STATE OF GEORGIA

BECHARD HODGIN,                                    Civil Action File No.
                                                   20HV00469M
        Plaintiff,

v.

WALMART, INC.,

        Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WALMART, INC. (erroneously named) and makes

this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Walmart Inc. is not the proper defendant.

## SECOND DEFENSE

Jurisdiction is not proper as to Walmart Inc.

## THIRD DEFENSE

Venue is not proper as to Walmart Inc.

## FOURTH DEFENSE

Plaintiff has failed to join in indispensable party.

## FIFTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief

can be granted.

## SIXTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## SEVENTH DEFENSE

Plaintiff was not in the exercise of ordinary care for his own safety in the premises, and by the exercise of ordinary care could have avoided any injury to himself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## EIGHTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## NINTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## TENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by laches.

<u>TWELFTH DEFENSE</u>

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint, including subparagraph a., b., c., d., and e., thereof.

6.

Defendant incorporates herein by reference the answers of paragraphs 1 through 6 above as if more fully set forth herein at length.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint, including subparagraphs a., b., c., d., e., f., and g., thereof.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

10.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No.  117025
Attorneys for Defendant
WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF

DEFENDANT WALMART, INC. has this day been filed and served upon

opposing counsel via Peach Court E-File and to pro se Plaintiff Bechard Hodgin

via US mail with proper postage affixed to:

Bechard Hodgin
357 Kristy Ct.
Bowersville, GA  30516


This the <u>19th</u> day of February, 2021.


                                        McLAIN & MERRITT, P.C.


                   <u>/s/ Howard M.  Lessinger</u>
                   Howard M. Lessinger
                   Georgia Bar No. 447088
                   Attorney for Defendant
                   WALMART, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com