IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| BECHARD HODGIN, | * |
|     Plaintiff, | * |
| vs. | *      CASE NO. 3:21-CV-15 (CDL) |
| WAL-MART, INC., | * |
|     Defendant. | * |

O R D E R

Bechard Hodgin alleges that he slipped and fell on an unknown substance at the Wal-Mart store in Hartwell, Georgia. Hodgin asserts a negligence claim under Georgia law. Wal-Mart, Inc. seeks summary judgment. Wal-Mart argues that Hodgin admitted, by failing to respond to Wal-Mart's requests for admissions, that Wal-Mart did not have superior knowledge of the alleged hazard and that Hodgin knew of the alleged hazard. For the reasons set forth below, the Court grants Wal-Mart's summary judgment motion (ECF No. 9).

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment,

the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Hodgin, who is proceeding pro se, submitted a handwritten statement stating that he slipped on "some liquid" on the floor at Wal-Mart and hit his head and hurt his neck and back. Pl.'s Resp. to Def.'s Mot. for Summ. J. 1, ECF No. 11. Hodgin further stated that as he stepped into an aisle, his "feet flew out from under" him, his head "hit the pavement," and he was knocked out. *Id.* at 2. When he came to, he was sitting in a "clear substance that was slicker than ice." *Id.* at 3.[1] Someone helped Hodgin up, and he used a buggy as a crutch to get to his truck. Hodgin had trouble driving home, and "knew there was more [than] just a bump on the head." *Id.* at 5. He has been diagnosed with brain concussion syndrome and impaired vision, which he attributes to the fall.

---

[1] Hodgin did not submit a sworn statement in opposition to Wal-Mart's summary judgment motion, and he did not respond to Wal-Mart's "statement of material facts." Even if his unsworn written statement is considered in evaluating Wal-Mart's summary judgment motion, he failed to create a genuine factual dispute as to Wal-Mart's liability.

Neither party pointed to precise facts regarding the unknown substance on the floor, such as evidence that Hodgin saw the substance before he fell or that Wal-Mart employees conducted reasonable inspections and did not see the substance. Instead, Wal-Mart relies on its requests for admission, to which Hodgin did not respond. Under Federal Rule of Civil Procedure 36, a party may ask a party to admit "the truth of any matters" relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). A matter is deemed admitted if the party to whom the request is directed does not timely respond. Fed. R. Civ. P. 36(a)(3). A matter deemed admitted under Rule 36 is "conclusively established unless the court, on motion, permits the admission to be withdrawn." Fed. R. Civ. P. 36(b). Here, Hodgin did not file a motion to withdraw the admissions, so the following matters are deemed admitted: Wal-Mart "did not have superior knowledge of the alleged hazard" and Hodgin "had actual, constructive or superior knowledge of the alleged hazard." Def.'s Mot. for Summ. J. Attach. 3, Def.'s Req. for Admis. ¶¶ 2-3, ECF No. 9-3.[2]

---

[2] The requests for admission also asked Hodgin to admit some pure legal conclusions that are not connected to any specific facts: that Wal-Mart was not negligent and breached no duty to Hodgin and that judgment should be entered in favor of Wal-Mart. *See generally* Def.'s Req. for Admis. While requests for admission involving the application of law to facts are allowed, Rule 36 "does not allow a request for admission of a pure matter of law." 8B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2255 (3d ed. 2002).

3

DISCUSSION

"Under O.C.G.A. § 51-3-1, where the owner or occupier of land invites the public to enter the premises for a lawful purpose, 'he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.'" *Youngblood v. All Am. Quality Foods, Inc.*, 792 S.E.2d 417, 418 (Ga. Ct. App. 2016) (quoting O.C.G.A. § 51-3-1). To recover under O.C.G.A. § 51-3-1, a plaintiff must show that he was injured by a hazard "that the owner or occupier should have removed in the exercise of ordinary care for the safety of the invited public." *Id.* (quoting *Am. Multi-Cinema v. Brown*, 679 S.E.2d 25, 27 (Ga. 2009)). So, a plaintiff must prove "(1) that, prior to the slip and fall, the owner had actual knowledge of the hazard which caused the slip and fall, or that, under the circumstances, the owner was chargeable with constructive knowledge of the hazard, *and* (2) that, despite the exercise of ordinary care, the plaintiff lacked knowledge of the hazard prior to the slip and fall." *Id.* (emphasis added).

Here, Hodgin is deemed to have admitted that he had actual, constructive, or superior knowledge of the hazard at the Wal-Mart and that Wal-Mart did not have superior knowledge of the hazard. Hodgin did not ask the Court to set aside the deemed admissions, and he did not point to any facts to dispute that he

4

knew about the substance on the floor before he fell or that Wal-Mart did not have superior knowledge of the hazard. Thus, Hodgin cannot meet his burden of creating a genuine factual dispute on the following two issues critical to his claim: (1) whether he lacked knowledge of the hazard prior to his fall; and (2) whether Wal-Mart had superior knowledge.[3] Accordingly, Wal-Mart is entitled to summary judgment.

## CONCLUSION

For the reasons set forth above, the Court grants Wal-Mart's summary judgment motion (ECF No. 9).

IT IS SO ORDERED, this 5th day of November, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] Even absent Hodgin's admissions, summary judgment would still be appropriate because Hodgin failed to point the Court to admissible evidence from which a reasonable jury could conclude that Wal-Mart had superior knowledge of the alleged hazard.